*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DUC VAN NGUYEN,

      Defendant-Appellant.

UNPUBLISHED
August 11, 2022

No. 357031
Midland Circuit Court
LC No. 12-005140-FH

Before: SAWYER, P.J., and SHAPIRO and REDFORD, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. MCR 6.006(A) specifically lists those proceedings that a court may conduct with defendant over two-way interactive video. A *Crosby* hearing before a successor judge is not among them. Accordingly, the court rule plainly requires that defendant be present in the courtroom unless he "has waived the right to be present . . . ." MCR 6.006(C). As the majority points out, there was no waiver and the trial court's failure to comply with the rule was plain error. Accordingly, defense counsel's failure to object is of little import.

The majority overlooks the violation of the rule on the grounds that defendant cannot show that his physical presence would have resulted in a different outcome. But that asks the defendant to prove something that can only be shown after the proceeding is redone with the defendant present. We cannot know the effect of the defendant's presence on the court's analysis and so, in my view, we should not assume or speculate that it would make no difference. Prudence dictates that the rule be enforced rather than relying on our subjective belief that compliance with it would not have mattered, particularly since this case was returned to us from a federal court decision granting habeas corpus relief.

                                  /s/ Douglas B. Shapiro